UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAM DUC NGO,<br><br>                          Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>                          Respondent. | Case No.:  26-CV-2837 JLS (MMP)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Nam Duc Ngo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents' Return to Petition for a Writ of Habeas Corpus ("Ret.," ECF No. 4). Petitioner did not file a traverse. *See generally* Docket.  Petitioner alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center.  Pet. ¶ 1. Petitioner alleges that he was previously released from custody on his own recognizance in May 2023 and has complied with the conditions of his release.  *Id.* ¶¶ 5, 27.  Petitioner alleges that he was re-detained without notice or justification in violation of the Due Process Clause of the Fifth Amendment.  *Id.* ¶ 28.

/ / /

Respondent states that Petitioner is subject to mandatory detention under § 1225(b)(2); however, Respondent "acknowledges that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts." Ret. at 1 (collecting cases). Respondents therefore "do[] not oppose the [P]etition and defer[] to the Court on the appropriate relief." *Id.* at 2. The Court finds that Petitioner is entitled to release. *See, e.g.*, *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1163–67, 1169 (S.D. Cal. 2025) (granting release under similar facts); *Tran v. LaRose*, No. 26-CV-2653 JLS (GC), 2026 WL 1303166, at *1–3 (S.D. Cal. May 12, 2026) (same); *Antonio v. LaRose*, No. 26-CV-2387-LL-MMP, 2026 WL 1215037, at *1–3 (S.D. Cal. May 4, 2026) (same).

Accordingly, the Court **GRANTS IN PART** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting release. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of his release and a hearing before a neutral decision maker to determine whether detention is warranted. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. The Parties are **ORDERED** to file a Joint Status Report by June 16, 2026, confirming that Petitioner has been released. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  May 26, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-2837 JLS (MMP)